UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSEPH TORRES, JR., | Case No. 3:07-cv-00563-RCJ-RAM |
| Petitioner, | ORDER |
| v. | |
| JIM BENEDETTI, et al., | |
| Respondents. | |

On October 10, 2008, this court dismissed Joseph Torres, Jr.'s *pro se* habeas corpus petition with prejudice as untimely, and judgment was entered (ECF Nos. 19, 20). Torres filed a notice of appeal, and the Ninth Circuit Court of Appeals denied a certificate of appealability (ECF Nos. 21, 29). On June 16, 2010, the United States Supreme Court denied Torres' petition for a writ of certiorari (ECF No. 30).

More than eight years later, petitioner filed a motion for reconsideration of this court's order dismissing his petition, which this court denied (ECF Nos. 32, 36). Torres filed a notice of appeal (ECF No. 37). The Ninth Circuit Court of Appeals denied a certificate of appealability and stated that no further filings would be entertained in this closed case (ECF Nos. 39, 41). Apparently undeterred, Torres filed another motion for reconsideration in this court on March 26, 2019 (42). This motion is denied.

As this court has previously explained, Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1). Relief under subsection (b)(6) requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Rule 60(b) applies to habeas proceedings, but only in conformity with the Antiterrorism and Effective Death Penalty Act (AEDPA), including the limits on successive federal petitions set forth at 28 U.S.C. § 2244(b). *Gonzalez*, 545 U.S. at 529. When a Rule 60(b) motion attacks some defect in the integrity of the federal habeas proceedings and not the substance of the court's resolution of a claim on the merits the court should address it as it would a Rule 60(b) motion raised in any other civil case. *Id*. at 532.

On the other hand, if a purported motion for reconsideration actually challenges the resolution of a claim on the merits, then the motion "is in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531. 28 U.S.C. § 2244(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Where a petition has been dismissed with prejudice as untimely or because of procedural default, the dismissal constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244. *McNabb v. Yates*, 576 F.3d 1028, 1029-1030 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

Torres' current motion for reconsideration is substantially the same document that he filed here in June 2018 (*see* ECF Nos. 32, 42). The motion does not assert some defect in the integrity of the federal habeas proceedings, but again challenges this court's conclusion that his untimely petition was not entitled to equitable tolling. Torres' purported motion, therefore, is properly construed as a second or successive habeas corpus petition. *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005). As he has been previously advised, petitioner must obtain authorization from the Ninth Circuit Court of appeals before he can proceed with a second or successive petition. 28 U.S.C. § 2244(b)(3). Accordingly, the motion is denied.

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 42) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

DATED: This 18th day of April, 2019.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE